■ In the Matter of the Claim of WILLIAM MARKOHOLZ, as Guardian of the Estate of MICHAEL MARTINO, Deceased, Respondent, v. GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of death benefits. The sole issue is whether the death arose out of and in the course of employment. Decedent had spent the period from June 15 to 20, 1959, attending a conference in Paris, France, at which he represented the employer. The employer agreed to pay his transportation from New York to Paris, his hotel and personal expenses while at the conference, and his return fare from Paris to New York. Decedent also had permission to take his wife with him to Europe and to take a week's vacation from June 21 to June 27, 1959, after the Paris conference had concluded. However, decedent was to pay all of his wife's transportation and other expenses, and was to pay all expenses for both himself and his wife during the vacation week. Following the Paris conference decedent and his wife went to Milan, Italy, where they spent the week's vacation, and while they were returning by commercial plane from Milan to Paris where they were to take another plane for New York, the plane crashed on June 26, and both were killed. There is no evidence that decedent did anything for the employer while in Milan, or that the trip to Milan had any reasonable relationship to his employment. The entire time from the end of the conference until the return to Paris was allotted for personal venture. Decedent's death did not arise out of and in the course of his employment. (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20; *Matter of Glickman* v. *Greater N. Y. Taxpayers*, 305 N. Y. 431.) Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Coon, J. P., Herlihy, Reynolds and Taylor, JJ., concur; Gibson, J., dissenting in part: I agree that the award cannot be sustained upon the present findings and the present scanty record; but I would remit to permit development of proof with respect to the question whether, upon leaving Milan, decedent had ended his personal mission, had begun his homeward journey, requiring no more than a brief stop, perhaps under quarantine, at a French airport, and had resumed his employment (cf. *Matter of Mahoney* v. *Stern & Co.*, 9 N Y 2d 931; *Matter of Scott* v. *U. S. O. Camp Shows*, 298 N. Y. 896). The employer's report of injury stated, in substance, that at the time of the accident, decedent was returning from a trip "which involved" business and vacation.